# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0550V
UNPUBLISHED

| | |
|---|---|
| CATHY SUN, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: November 8, 2021 <br><br> Pre-Assignment Review; Attorney's Fees and Costs; Reasonable Basis; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 11, 2021, Cathy Sun filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving the influenza ("flu") vaccine on November 4, 2019. Petition at 1, ¶¶ 1, 9.

Along with the Petition, which sets forth only the basic elements of her claim, Ms. Sun filed her affidavit (labeled Exhibit 1) echoing the Petition's claims, and an affidavit from Petitioner's counsel (labeled Exhibit 2) acknowledging the fact that the Petition had been filed without medical records, "[d]ue to the potential Table amendment proposed by

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[R]espondent which would divest victims of shoulder injuries related to vaccine administration (SIRVA) the benefit of a 'Table' claim." Exhibit 2 at ¶ 1.

Approximately four months later, Ms. Sun filed medical records from visits in late 2019 and 2020. Exhibit 3, filed May 7, 2021, ECF No. 8. The same day, she filed a motion requesting that I dismiss her claim. ECF No. 10. In the motion, Petitioner indicated that she "is unable to demonstrate six (6) months of sequelae." *Id.* at ¶ 3. On May 10, 2021, I issued a decision dismissing Petitioner's claim. ECF No. 11. Judgment entered on May 27, 2021. ECF No. 13.

On June 14, 2021, Petitioner filed a motion seeking a total of $4,382.50 in attorney's fees and costs. Petitioner's Application for Attorneys' Fees ("Motion"), ECF No. 16. Respondent opposes a fee award, maintaining that Petitioner has failed to establish there was a reasonable basis for her claim. Respondent's Objection to Motion ("Opp."), filed June 24, 2021, ECF No. 17. On July 1, 2021, Petitioner responded to Respondent's arguments. Petitioner's Reply to Opp. ("Reply"), ECF No. 18. She also amended the amount of attorney's fees and costs previously requested to reflect an additional fee award of $1,312.50 for work performed researching and preparing her reply. *Id.* at 6.

For the reasons discussed below, Petitioner has failed to establish there was a reasonable basis for her claim. Thus, she is not entitled to an award of attorney's fees and costs.

## I.   Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorneys' fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). As Judge Lettow noted in *Davis*, "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 634 (2012). It may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

However, Congress did not intend that every losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs in a case in which compensation was not awarded only if "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was

brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Human Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit explained, the reasonable basis determination involves two distinct inquiries – a subjective one when assessing whether the petition was brought in good faith and an objective one when ascertaining whether reasonable basis existed. *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632, 635 (quoting *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 289 (2014)). "Good faith is a subjective test, satisfied through subjective evidence." *Cottingham v. Sec'y of Health & Human Servs.,* 971 F.3d 1337, 1344 (Fed. Cir. 2020). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Cases in which good faith has been found to be lacking often involve petitioners who failed to produce or actively concealed evidence undermining their claims. *Purnell-Reid v. Sec'y of Health & Human Servs.,* No. 18-1101V, 2020 WL 2203712 (Fed. Cl. Spec. Mstr. Apr. 6, 2020); *Crowding v. Sec'y of Health & Human Servs.,* No. 16-0876V, 2019 WL 1332797 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); *Heath v. Sec'y of Health & Human Servs.*, No. 08-0086V, 2011 WL 4433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Carter v. Sec'y of Health & Human Servs.*, No. 90-3659V, 1996 WL 402033 (Fed. Cl. Spec. Mstr. July 3, 1996).

"Additionally, a petitioner's attorney's conduct may also be relevant when evaluating good faith." *Purnell-Reid*, 2020 WL 2203712, at *6. "Counsel still have a duty to investigate a Program claim even if they reasonably find their client to be a credible individual." *Cortez v. Sec'y of Health & Human Servs.*, No. 09-0176V, 2014 WL 1604002, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Factors, such as a looming statute of limitations and the conduct of counsel, are properly considered when determining whether good faith exists – but *do not bear* on the claim's objective basis. *Simmons,* 875 F.3d at 636; *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018) ("the effort that an attorney makes to investigate a claim or to ensure that a claim is asserted before the expiration of the statutory limitations period . . . are properly evaluated in determining whether a petition was brought in good faith").

"Reasonable basis, on the other hand, is an objective test, satisfied through objective evidence." *Cottingham,* 971 F.3d at 1344. The reasonable basis requirement

3

examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Human Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius on Behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021).

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Human Servs.,* --- Fed. Cl. ---, 2021 WL 4188429, at *5 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish *some evidence* in support of the claim.'" *Id.* (quoting *Chuisano,* 116 Fed. Cl. at 288, emphasis added in *Wirtshafter*). Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham*, 971 F.3d at 1345-46. In a prior case, it affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Perreira*, 33 F.3d at 1376.

## II.     Analysis

Respondent argues that attorney's fees and costs should not be awarded in this case because, by her own admission, Petitioner has failed to satisfy the Vaccine Act's severity requirement, "one of the *prima facie* elements that [P]etitioner must point to in order to establish that a reasonable basis existed when the petition was filed." Opp. at 6-7 (citing *Cottingham*, 971 F.3d at 1345-46); *see* Section 11(c)(1)(D) (requiring that a petitioner establish that she suffered the residual effects of her injury for more than six months, that she died from the administration of the vaccine, or that she suffered an injury which required inpatient hospitalization and surgical intervention). To support his argument, Respondent cites recent decisions in which "other special[] masters have denied attorneys' fees and costs for lack of reasonable basis where [a] petitioner failed to present objective evidence of . . . six-month[s] residual effects of the alleged injury." Opp. at 7 n.6. He adds, however, that Petitioner's failure to satisfy this Vaccine Act requirement "is not the only basis for finding this claim lacked a reasonable basis."[3] *Id.* at 7 n.7.

---

[3] Respondent notes that the scant medical records filed in this case reveal there is no mention of Petitioner's alleged shoulder pain during a physical undergone shortly after vaccination. Opp. at 7 n.7. It appears Petitioner did not mention or seek treatment for her shoulder pain until January 24, 2020, despite a visit to

4

Emphasizing the holding in *Perreira* - that reasonable basis can exist when a petition is filed but cease as further evidence is presented - Petitioner maintains that she had a reasonable basis to file the Petition at the time of its initiation, and without supporting documentation, due to Respondent's proposal to remove SIRVA from the Vaccine Injury Table.[4] Reply at 3-6. Petitioner argues that the "[t]raditional reasonable basis analysis is not applicable in this case as [she] was not afforded the opportunity to establish a reasonable basis due to Respondent's [anticipated] conduct" of revising the Table to eliminate SIRVA claims. *Id.* at 5. Petitioner contrasts the consistency surrounding the requirements of the Vaccine Act's statute of limitations with "Respondent's own conduct in hastily pushing a revision . . . that manufactured a deadline and forced Petitioner to file her claim without supporting evidence." *Id.*

While I am sympathetic to Petitioner's argument, as a matter of law it does not persuade. The Circuit and the Court have both plainly noted that determinations by counsel to "rush" filings may reflect a good faith effort to prosecute a claim, but do not constitute the kind of objective proof in support of a claim required to satisfy the reasonable basis standard. In this regard, Ms. Sun's argument parallels that argument advanced by the *Simmons* petitioner, that temporal urgency to file confers reasonable basis on a claim, at least until the timing issue is obviated. However, in *Simmons*, the Federal Circuit clearly held that the pending expiration of the Vaccine Act's statute of limitations would not convey a reasonable basis which would otherwise not exist, and that efforts to "beat the clock" in a filing should be considered only when determining whether good faith exists. *Simmons,* 875 F.3d at 636.

Indeed, to some degree, the rationale provided by Petitioner for the rushed January 2021 filing of her claim, without regard to some of its objective issues, is *less* compelling than the argument advanced by the *Simmons* petitioner. Unlike the Vaccine Act's statute of limitations, which would prohibit any claim filed after its expiration, the removal of SIRVA from the Table would *not* prevent a petitioner from filing a causation-in-fact claim. And Petitioner's arguments about Respondent's conduct in threatening (via

---

establish care during which she underwent a comprehensive physical on November 19, 2020. Exhibit 3 at 2-15, 20-22, ECF No. 8.

[4] On July 20, 2020, the Secretary of Health and Human Services proposed the removal of SIRVA from the Vaccine Injury Table. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Proposed Rule, 85 Fed. Reg. 43794 (July 20, 2020). The proposed rule was finalized six months later. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Final Rule, 86 Fed. Reg. 6249 (Jan. 21, 2021). Approximately one month later, the effective date for the final rule was delayed. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Delay of Effective Date, 86 Fed. Reg. 10835 (Feb. 23, 2021) (delaying the effective date of the final rule until April 23, 2021). On April 22, 2021, the final rule removing SIRVA from the Vaccine Table was rescinded. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Withdrawal of Final Rule, 86 Fed. Reg. 21209 (Apr. 22, 2021).

HHS action) to eliminate the SIRVA Table claim are ultimately irrelevant in terms of reasonable basis – and do not otherwise necessarily imbue Petitioner's conduct with good faith (despite the understandable desire of counsel to protect a potentially-viable claim).

Overall, the present record does not demonstrate the reasonable basis required for an attorney's fees and cost award. Petitioner filed only a minimal amount of medical records – and those that were filed revealed a significant issue regarding the onset of Petitioner's injury, only later references regarding her November 4, 2019 vaccination, and no evidence regarding the Vaccine Act's severity requirement (that her sequelae lasted six months after onset). The medical records filed by Petitioner contain lists of immunizations in medical records from a November 19, 2019 visit, a January 22, 2020 telephone call and a January 24, 2020 telephonic consult, which include the vaccination alleged as causal in this case, administered on November 4, 2019. Exhibit 3 at 2, 18, 20. However, a vaccine record is not provided. Additionally, there is no mention of shoulder pain in the records from the November 19, 2019 visit for a physical, 15 days post-vaccination. *Id.* at 2-15. Petitioner first complained of her shoulder pain during a telephone consult on January 24, 2020. *Id.* at 20. Other than these entries, the medical records showed an October 19, 2020 phone message reminding Petitioner to get her yearly flu vaccine. *Id.* at 38-39. And Petitioner admits she is unable to show that she suffered the residual effects of her alleged SIRVA for more than six months.

All of the above are lacking, and constitute evidence that renders the claim untenable from the outset. And this is not a case in which the development of a fact, out of ambiguous records, *later* revealed that a claim that initially appeared viable in fact was not. As a result – and despite Petitioner's reasonable desire to file this claim in advance of an anticipated change in the law – I cannot find even a scintilla of evidence would have supported the claim in a number of important respects. In such circumstances, the Act places the risk of filing the claim on counsel, and does not allow an award of fees.

### III.   Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs even to an unsuccessful litigant as long as the litigant establishes the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought. Section 15(e)(1). In this case, Petitioner has not established there was a reasonable basis for filing her claim. **Petitioner's motion for attorney's fees and costs is <u>DENIED</u>.**

The Clerk of the Court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.